John R. Kormanik, ISB #5850
**KORMANIK HALLAM & SNEED LLP**
206 W Jefferson St
Boise ID 83642
Telephone:	208.288.1888
Facsimile:	866.821.9543
*jrk@ khsidaholaw.com*

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN "NICK" MARASCHIELLO, | ) |
| Plaintiff, | ) **CASE NO. 1:13-cv-174** |
| vs. | ) **VERIFIED COMPLAINT** |
| JEROME COUNTY SHERIFF'S OFFICE, an agency or department of JEROME COUNTY, IDAHO, a political subdivision of the State of Idaho; DOUG MCFALL, in his individual capacity; JACK JOHNSON, in his individual capacity, | ) **DEMAND FOR JURY TRIAL PURSUANT TO D**IST**. I**DAHO **L**OC**. C**IV**. R. 38.1** |
| Defendants. | ) |

COMES NOW, the above-named Plaintiff JOHN "NICK" MARASCHIELLO, by and through his counsel of record, the law firm of KORMANIK HALLAM & SNEED LLP, and for causes of action against Defendant JEROME COUNTY SHERIFF'S OFFICE, complains and alleges as follows:

## PARTIES

1. At all times relevant hereto, Plaintiff John "Nick" Maraschiello was and is a resident of the City of Jerome, Jerome County, Idaho.

2. At all times relevant hereto, Defendant Jerome County Sheriff's Office (hereinafter "JCSO") was and is an agency or department of Jerome County, Idaho.

3. At all times relevant hereto, Doug McFall was and is the elected Sheriff of Jerome County.

4. At all times relevant hereto, Jack Johnson was and is an employee of JCSO, in a supervisory position over Mr. Maraschiello.

5. At all times relevant hereto, Michael Seib was and is an employee of Jerome County Prosecutor's Office.

## JURISDICTION

6. This is a civil action over which this Court has jurisdiction pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* Additionally, this Court shares concurrent jurisdiction with the Courts of the State of Idaho in matters arising under the Idaho Human Rights Act, Idaho Code §§ 67-5901 through -5912 ("IHRA").

7. This Court's jurisdiction over Plaintiff's state law claims is founded upon 28 U.S.C. § 1367.

8. Mr. Maraschiello's claims against Defendant were timely filed with the Idaho Human Rights Commission ("IHRC") and the Equal Employment Opportunity Commission ("EEOC"). Mr. Maraschiello received a Notice of Right to Sue from the IHRC and EEOC less than ninety (90) days ago.

9. On or about April 24, 2012, Mr. Maraschiello timely filed a Notice of Tort Claim with Jerome County, Idaho, the Jerome County Sheriff's Office, Douglas McFall, Jack Johnson and Michael Seib. The Tort Claim Notice was not acted upon within ninety (90) days as required by Idaho Code § 6-909.

## GENERAL ALLEGATIONS

10. Defendant is an employer within the meaning of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and the Idaho Human Rights Act, Idaho Code § 67-5902(6).

11. Beginning on or about February 20, 2001, Mr. Maraschiello was employed as a Deputy Sheriff with Defendant JCSO.

12. In or about late 2009 or early 2010, Mr. Maraschiello was promoted to the position of Sergeant with JCSO.

13. Mr. Maraschiello was an employee within the meaning of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and the Idaho Human Rights Act, Idaho Code § 67-5902.

14. During his employment with Defendant JCSO, Mr. Maraschiello was regarding as being an alcoholic by the Sheriff, Doug McFall and the Captain, Jack Johnson. Mr. Maraschiello is not, in fact, an alcoholic.

15. In or about June 2011, Mr. Maraschiello requested as an accommodation under the Americans with Disabilities Act, and was granted, a temporary medical leave of absence from his employment.

16. During Mr. Maraschiello's medical leave of absence, Defendant Johnson falsely informed a member of the general public Mr. Maraschiello was off of work because he needed to get his drinking under control.

17. This incident was reported to Mr. Seib of the Jerome County Prosecuting Attorney's office.

18. On or about October 28, 2011, JCSO held a hearing during which Mr. Maraschiello's physician provided testimony concerning Mr. Maraschiello's depressive disorder and self-medication activity of consuming alcohol.

19. Mr. Maraschiello's physician further testified Mr. Maraschiello was fit for duty as of October 28, 2011.

20. Mr. Maraschiello's physician further testified it would be beneficial for Mr. Maraschiello to be placed back on active duty with Defendant JCSO.

21. At all times relevant hereto, Mr. Maraschiello suffered and suffers from depressive disorder.

22. Mr. Maraschiello's employment with Defendant was wrongfully terminated on or about October 28, 2011 based upon the fact he "was unstable to perform his job duties."

## COUNT ONE
*Disability Discrimination in Violation of the Americans with Disability Act, 42 U.S.C. § 12101 et seq., and the Idaho Human Rights Act*

23. The allegations set forth in paragraphs 1 through 21 of this *Verified Complaint* are realleged in this paragraph as if fully set forth in their entirety herein.

24. At the time of his termination from employment, Mr. Maraschiello had, or was regarded as having, a disability within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

25. At the time of his termination from employment, Mr. Maraschiello had, or was regarded as having, a disability within the meaning of the Idaho Human Rights Act, Idaho Code §§ 67-5901 through -5912.

26. Defendant JCSO was aware of Mr. Maraschiello's disability at the time of his termination from employment.

27. Despite Mr. Maraschiello's disability, or perceived disability, Mr. Maraschiello was otherwise qualified to perform the essential functions of his job with Defendant JCSO.

28. Defendant JCSO's decision to terminate Mr. Maraschiello's employment was motivated by his disability, or perceived disability, and was in violation of the ADA.

29. Defendant JCSO's decision to terminate Mr. Maraschiello's employment was motivated by his disability, or perceived disability, in violation of the Idaho Human Rights Act.

30. As a direct and proximate result of the Defendant JCSO's conduct, Mr. Maraschiello suffered general damages, loss of earnings, and emotional damages in an amount to be proven at trial, but which amount exceeds One Hundred Thousand Dollars ($100,000).

## COUNT TWO
*Retaliation in Violation of the Americans with Disability Act, 42 U.S.C. § 12101 et seq., and the Idaho Human Rights Act*

31. The allegations set forth in paragraphs 1 through 29 of this *Verified Complaint* are realleged in this paragraph as if fully set forth in their entirety herein.

32. After Mr. Maraschiello complained about being discriminated against because of his disability, he was treated differently and less favorably than other employees at the JCSO.

33. Defendant JSCO ultimately terminated Mr. Maraschiello's employment in retaliation for his complaints and attempts to address discriminated visited upon him due to his disability or his perceived disability.

34. Defendant JSCO's treatment of Mr. Maraschiello was wrongful and in retaliation for his complaint regarding disability discrimination.

35. Defendant JSCO's conduct was intentional and willful.

36. Defendant JSCO's retaliation against Mr. Maraschiello was in violation of the Americans with Disabilities Act, 42 U.S.C. § 1201 *et seq.* and the Idaho Human Rights Act.

37. As a direct and proximate result of the actions of Defendant JSCO, Mr. Maraschiello has suffered damages and is entitled to recovery monetary damages on an amount to be proven at trial, but which amount exceeds One Hundred Thousand Dollars ($100,000.00).

38. In addition and in the alternative, Defendant Johnson retaliated against Mr. Maraschiello by falsely informed a member of the general public Mr. Maraschiello was off of work because he needed to get his drinking under control.

39. Defendant Johnson's treatment of Mr. Maraschiello was wrongful and in retaliation for his complaint regarding disability discrimination.

40. Defendant Johnson's conduct was intentional and willful.

41. Defendant Johnson's retaliation against Mr. Maraschiello was in violation of the Americans with Disabilities Act, 42 U.S.C. § 1201 *et seq.* and the Idaho Human Rights Act.

42. As a direct and proximate result of the actions of Defendant Johnson, Mr. Maraschiello has suffered damages and is entitled to recovery monetary damages on an amount to be proven at trial.

## COUNT THREE
*Wrongful Discharge*

43. The allegations set forth in paragraphs 1 through 41 of this *Verified Complaint* are realleged in this paragraph as if fully set forth in their entirety herein.

44. The Idaho Human Rights Act, Idaho Code §§ 67-5901 through -5912 establishes it is the public policy of the State of Idaho to protect and safeguard the right of all persons to seek, obtain and hold employment without discrimination on account of disability.

45. The action of JCSO discharging Mr. Maraschiello from his employment on the basis of his disability or perceived disability constitutes a tortious act in violation of the public policy of the State of Idaho.

46. As a direct and proximate result of the Defendant JCSO's conduct, Mr. Maraschiello suffered general damages, loss of earnings, and emotional damages in an amount to be proven at trial, but which amount exceeds One Hundred Thousand Dollars ($100,000).

## COUNT FOUR
*Breach of Implied Covenant of Good Faith and*
*Fair Dealing in Employment Contract – Defendant JCSO*

47. The allegations set forth in paragraphs 1 through 45 of this *Verified Complaint* are realleged in this paragraph as if fully set forth in their entirety herein.

48. There existed an implied covenant of good faith and fair dealing in Mr. Maraschiello's employment relationship with Defendant JCSO.

49. By terminating Mr. Maraschiello based on his disability or his perceived disability, Defendant JCSO breached the covenant of good faith and fair dealing implied in Mr. Maraschiello's employment relationship.

50. Defendant JCSO's conduct was intentional.

51. As a direct and proximate result of the acts or omissions of Defendant JSCO, Mr. Maraschiello has suffered general damages, loss of earnings, and emotional damages in an amount to be proven at trial, but which amount exceeds One Hundred Thousand Dollars ($100,000).

## COUNT FIVE
*Intentional and/or Negligent Infliction*
*of Emotional Distress – Defendants JCSO, McFall and Johnson*

52. The allegations set forth in paragraphs 1 through 50 of this *Verified Complaint* are realleged in this paragraph as if fully set forth in their entirety herein.

53. As a direct and proximate result of Defendant JCSO's intentional, reckless and/or negligent conduct, Mr. Maraschiello has suffered and continues emotional distress as physically

manifested by sleeplessness, uncontrollable bouts of weeping and nightmares, among others.

54. As such, in addition to the relief requested hereinabove, Mr. Maraschiello is entitled to recover monetary damages representing fair and reasonable compensation for the emotional distress suffered by him as a result of the wrongful conduct alleged hereinabove in an amount to be proven at trial.

## COUNT SIX
*Defamation – Defendant Johnson*

55. The allegations set forth in paragraphs 1 through 53 of this *Verified Complaint* are realleged in this paragraph as if fully set forth in their entirety herein.

56. Defendant Johnson knowingly and intentionally communicated false and defamatory information about Mr. Maraschiello to members of the JCSO and the general public.

57. The information communicated by Defendant Johnson impugned the honesty, integrity, virtue or reputation of Mr. Maraschiello or exposed him to public hatred, contempt or ridicule.

58. The information communicated by Defendant Johnson was false.

59. Defendant Johnson know the information communicated by him was false or Defendant Johnson reasonably should have known the information communicated by him about Mr. Maraschiello was false.

60. As a direct and proximate result of the acts or omissions of Defendant JSCO, Mr. Maraschiello has suffered general damages in an amount to be proven at trial.

## ATTORNEY FEES

Mr. Maraschiello has been required to engage the services of KORMANIK HALLAM & SNEED LLP to prosecute this action and is entitled to recover attorney fees and costs incurred in prosecuting each Count of this action pursuant to Idaho Code §§ 12-120, 12-120(3), 12-121, 42 U.S.C. §§ 12117 and 2000e-k(5), and other applicable state and federal law.

## DEMAND FOR JURY TRIAL

Pursuant to FED. R. CIV. P. 38 and DIST. IDAHO LOC. CIV. R. 38.1, Mr. Maraschiello hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Maraschiello prays for relief as follows:

1. For an award to, and judgment in favor of, Mr. Maraschiello for compensatory damages against Defendant Idaho Jerome County Sheriff's Office, for disability discrimination, retaliation, wrongful discharge and breach of the implied covenant of good faith and fair dealing in an amount to be proven at trial, but which exceeds One Hundred Thousand Dollars ($100,000);

2. For an award to, and judgment in favor of, Mr. Maraschiello for compensatory damages against Defendants Douglas McFall and Jack Johnson for intentional infliction of emotional distress and negligent infliction of emotional distress in an amount to be proven at trial;

3. For an award to, and judgment in favor of, Mr. Maraschiello for compensatory damages against Defendant Jack Johnson for defamation.

4. For an award of Mr. Maraschiello's attorney fees incurred in prosecuting this action, pursuant to Idaho Code §§ 12-120, 12-121, 48 U.S.C. §§ 12117 and 2000e-k(5) and all other applicable state and/or federal laws;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court deems just and proper.

DATED this 9th day of April, 2013.

                                                                                    KORMANIK HALLAM & SNEED LLP

                                                                                    By: /s/ John R. Kormanik
                                                                                    John R. Kormanik, of the Firm
                                                                                    Attorneys for Plaintiff

STATE OF ARIZONA      )
                     ) ss.
County of Maricopa    )

    I, John "Nick" Maraschiello, the Plaintiff in the foregoing action, being first duly sworn, do hereby declare to the undersigned authority that I have read and examined the foregoing document and, to the best of my knowledge and belief, it is true, accurate and correct.

                                                /s/ John "Nick" Maraschiello

    SUBSCRIBED AND SWORN TO before me this ___ day of April, 2013.

SEAL

                                                /s/Ronald Roberts
                                                Notary Public for Arizona, Maricopa
                                                My Commission Expires: 10/15/2014